UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON L. CLARK,

    Plaintiff,

v.

DEWAYNE BURTON,

    Defendant.

Case No. 16-13743
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING AS MOOT MOTION TO STAY [3]**

In 2009, a jury convicted Petitioner Jason Clark of second-degree murder and two counts of assault with intent to commit murder. The Michigan Court of Appeals summarized the facts of Clark's case this way:

> Throughout the day on June 19, 2008, Jasmine Thurman and Tequila Lewis had been feuding about a stolen gun. Finally, Jasmine went to Tequila's house, armed with a baseball bat, to confront Tequila about the gun. A large crowd gathered. Just as Jasmine swung the bat at Tequila, gun shots were fired. Jasmine was killed and two of her friends were shot.
>
> [Clark], Tequila's boyfriend, who was standing nearby, was charged with firing the shots that killed Jasmine and wounded two of her friends. . . . Tequila's brother, Demarious Lewis, admitted to firing an AK–47 out of an upstairs window with the intention of scaring the crowd of people and pleaded guilty to associated charges in separate criminal proceedings.

*People v. Clark*, No. 293581, 2011 WL 1377072, at *1 (Mich. Ct. App. Apr. 12, 2011) (paragraphing altered). Apparently, in addition to Lewis, "an unknown person standing by a car in the parking lot fired a shot into the air." (R. 1, PID 38.) Clark was sentenced to fifty to eighty years in prison for the second-degree murder conviction.

On or around October 12, 2016, Clark submitted for mailing a petition asking this Court to grant him a writ of habeas corpus. (*See* R. 1, PID 40.) His petition asserts four claims for relief. (*See* R. 1.) He also asks this Court to stay this case and hold his habeas corpus petition in abeyance so that he can ask the state trial court to consider three additional claims for relief. (R. 3.)

After screening Clark's habeas corpus petition, *see* Rule 4 of the Rules Governing § 2254 Cases, and reviewing his motion to stay, it appeared to the Court that all of Clark's claims—the four in his petition and the three in his motion—were barred by AEDPA's one-year statute of limitations. In particular, the Court reasoned as follows:

> The Anti-Terrorism and Effective Death Penalty Act provides that, to be timely, a petition for habeas corpus must be filed within one year of the latest of the following four dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).
>
> Assuming first that the latest of these four dates is "the date on which the judgment became final," § 2244(d)(1)(A), then AEDPA's one-year clock started to run 90 days after the Michigan Supreme Court's decision, on December 26, 2011. *See Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 654 (2012). It continued to run until Clark filed his motion for relief from judgment on December 21, 2012. *See* 28 U.S.C. § 2244(d)(2). At that point, there was less than one week left on the one-year clock. The clock remained paused while that state-court motion

was pending, *see* § 2244(d)(2), and restarted once the Michigan Supreme Court denied leave on April 28, 2015, *see Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Thus, by early May 2015, Clark's claims for habeas corpus relief were untimely—if the latest of the four § 2244(d)(1) dates is "the date on which the judgment became final."

With respect to the other three dates under § 2244(d)(1), Clark does not say that there was any "impediment" preventing him from seeking post-conviction relief earlier than he did. Nor does he say any "impediment" has prevented him from filing a second motion for relief from judgment based on the claims asserted in his motion to stay (indeed, he wants the stay so he can go pursue the claims in state court). So § 2244(d)(1)(B) does not apply.

Whether § 2244(d)(1)(C) or (D) apply requires separate examination of Clark's claims. The Court begins with the claims in Clark's habeas corpus petition. There, Clark says that (1) his defense counsel was deficient in a number of ways (R. 1, PID 5); (2) the jury instructions were inaccurate (R. 1, PID 7); (3) there was insufficient evidence of assault with intent to murder (R. 1, PID 8); and (4) appellate counsel was ineffective in failing to raise these three issues on direct appeal (R. 1, PID 10). Having reviewed these claims, nothing about them suggest that they are based on a new constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And nothing about them suggest they were based on a factual predicate that Clark only recently discovered. *See* 28 U.S.C. § 2244(d)(1)(D).

Remaining then is the question of whether the claims asserted in Clarks' motion to stay warrant a later statute-of-limitations start date under § 2244(d)(1)(C) or (D). Although labeled as five claims, the Court understands Clark to raise three: (1) that his trial counsel was ineffective during plea negotiations, and had he been effective, Clark would have accepted the plea offer instead of proceeding to trial; (2) that, during sentencing, the trial judge found facts that increased the guideline range contrary to the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (2015); and (3) that the prosecution withheld evidence, in particular a testifying witness, contrary to *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* R. 3, PID 55–56.)

None of these claims implicate § 2244(d)(1)(C) or (D). The third claim does not because the witness that the prosecution allegedly failed to disclose testified at trial (so the factual predicate was known then) and because *Brady* was decided in 1963. As for the claim that his trial counsel was ineffective during plea negotiations, it is true that in *Lafler v. Cooper* the Supreme Court decided how *Strickland* applied to the situation where a defendant foregoes a plea offer based on counsel's constitutionally deficient advice. — U.S. —, 132 S. Ct. 1376, 1384 (2012). But "as held by every other circuit to consider the issue," *Lafler* did not create a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court. *In re Liddell*, 722 F. 3d 737, 738 (6th Cir. 2013). As for a recently discovered factual predicate, Clark never says how his counsel

3

> was ineffective during plea negotiations. He references an affidavit, but that affidavit is not attached to his motion or petition. At one point in his motion to stay, Clark mentions that he only recently discovered a factual predicate of one of his claims; but he does not say which claim, when he discovered the fact, or even what the fact is.
>
> This leaves Clark's claim based on *Lockridge*. Although *Lockridge* was decided relatively recently, the "Supreme Court" did not recognize a right in that case: § 2244(d)(1)'s reference is to the United States' high court, not Michigan's. *Cobb v. Klee*, No. 15-CV-13682, 2016 WL 3457944, at *3 (E.D. Mich. June 24, 2016) ("A state court's ruling does not constitute a new constitutional rule of law that would delay the start of the limitations period under § 2244(d)(1)(C), because the 'AEDPA's plain text requires a constitutional right newly recognized by the [United States] Supreme Court.'" (quoting *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009)). In any event, *Lockridge* was decided in July 2015 and Clark initiated this case in October 2016—more than one year later.

(R. 5, PID 62–65.) Given that the claims in both Clark's petition and those in his motion to stay appeared to be time-barred, the Court ordered Clark to show "why his claims are not barred by 28 U.S.C. § 2244(d)(1)." (R. 5, PID 65.)

Clark has filed a show-cause response. (R. 6.) But his response does not show that the Court's prior statute-of-limitations analysis rests on any mistake of fact or law. In relevant part, Clark says that his claims are not time-barred "because of the recently discovered evidence[] and . . . [the] *Lockridge* and *Cooper* rulings." (R. 6, PID 68.) In an affidavit in support of his show-cause response, Clark says, "I ask this . . . Honorable Court to not dismiss my petition because I was waiting for the out come of the *Lockridge* ruling." (R. 7, PID 73.) Accordingly, the Court understands Clark to be arguing that the AEDPA clock started on the later of the two dates provided for in 28 U.S.C. § 2244(d)(1)(C) and (D).

But § 2244(d)(1)(C) does not apply. As explained in this Court's show-cause order, not only was *Cooper* decided well before Clark filed his habeas corpus petition, it did not create a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court. And, as this Court also explained, *Lockridge* was a decision by the Michigan—not United

4

States—Supreme Court so it cannot trigger § 2244(d)(1)(C). Moreover, *Lockridge* was decided more than one year before Clark filed his habeas corpus petition.

Nor does § 2244(d)(1)(D) grant Clark a start date that renders his claims timely. A review of the materials that Clark has filed with his show-cause response does not reveal any fact that could not have been uncovered until recently. To the contrary, Clark's and his father's affidavits primarily describe facts that Clark knew or should have known at the time of his sentencing in 2009: (1) that a witness had lied during Clark's preliminary exam but his trial counsel told him not to worry about it, (2) that, when trial counsel relayed a plea offer, he told Clark that the state's case was weak, (3) that the state called a witness at trial, Damian Joseph, that the state had not previously disclosed to Clark or Clark's counsel, and (4) that, at sentencing, trial counsel told Clark that, despite the presentence report, he would be sentenced at the low end of the guideline range. (R. 7, PID 72–73.) True, Clark does aver that he did not know that Joseph had failed to pick him out of a lineup "until [my] appellate counsel informed me when he received the discovery packet." (R. 7, PID 73.) But Clark's direct appeal ended in 2011, *see People v. Clark*, N.W.2d 343 (Mich. 2011), and so Clark must have known about Joseph's inability to identify him by at least that time. *See People v. Clark*, N.W.2d 343 (Mich. 2011).[1]

As for the possibility that AEDPA's statute of limitations could be equitably tolled, nothing in Clark's habeas corpus petition, motion to stay, or show-cause response indicates that "some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

---

[1] In his show-cause response, Clark indicates that an affidavit from his mother would be forthcoming. (R. 6, PID 68.) But it has been two months since Clark filed his response and no such affidavit has been docketed.

Remaining is whether this is the rare situation where the Court may consider Clark's untimely claims because he is actually innocent. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To succeed on this theory, Clark would have to show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Clark does not even raise this issue, let alone attempt to make this showing. And the affidavits he has supplied primarily allege facts pertaining to trial counsel's conduct before and after trial—not facts that would affect the jury's decision to convict. (*See* R. 7, 9.) The one exception is that Clark avers that the state failed to disclose a key witness, Damien Joseph, until trial and that he did not learn until after trial that Joseph had failed to pick him out of a lineup. (R. 7, PID 72–73.) But the state trial court found that Clark's counsel "effectively cross-examined Joseph on the grounds that he had failed to identify [Clark] at a line up a few days after the shooting." (R. 1, PID 31.) Clark has not persuaded the Court that, in light of new evidence, it is probable that no reasonable juror would vote to convict. *See House*, 547 U.S. at 537.

In sum, under AEDPA, the time for Clark to have sought federal habeas corpus relief ran out in May 2015. *See* 28 U.S.C. § 2244(d)(1)(A). And Clark has not shown that there is any equitable reason to conclude otherwise. Yet Clark filed his petition well after May 2015—in October 2016. As such, the Court DISMISSES as untimely Clark's habeas corpus petition and DENIES Clark's motion to stay.

To appeal this finding, Clark must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court declines to issue such a certificate because it

does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
Dated: April 7, 2017                        U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 7, 2017.

                                                s/Keisha Jackson
                                                Case Manager